OPINION OF THE COURT
Melissa C. Jackson, J.
CPL 250.10, which sets forth the notice requirements with respect to an intent to proffer psychiatric evidence, enumerates *463 three categories of recognized defenses. In People v Almonor (93 NY2d 571 [1999]), the Court of Appeals held that the defense is required to furnish notice of the particular category under which the defendant intends to proffer evidence. CPL 250.10 (1) (a) refers to the affirmative defense of lack of criminal responsibility by reason of mental disease or defect as set forth in Penal Law § 40.15, whereas paragraph (b) refers to extreme emotional disturbance as defined in Penal Law §§ 125.25 and 125.27. CPL 250.10 (1) (c), the so-called catchall provision, encompasses any mental disease or defect not addressed by the two preceding paragraphs. At issue is whether a notice of a psychiatric defense predicated upon the catchall provision requires amplification beyond the mere indication that the defendant is proffering evidence pursuant to paragraph (c). This court finds that when notice is served pursuant to CPL 250.10 (1) (c), neither the statute nor the holding in Almonor (supra) requires that the notice contain any description of the particular mental disease or defect upon which the defendant’s psychiatric defense rests. A lack of specificity at the notice stage does not prejudice the People since the statute affords them the opportunity to apply for an order to have a psychiatrist of their choosing examine the defendant. Moreover, clarification of the defense is ensured since “the court will direct compliance and the exchange of information well enough before trial so that the parties may prepare adequately, in full confidence that the psychiatric issues will be appropriately addressed as noticed.” (People v Almonor, 93 NY2d 571, 582 [1999].)
In these consolidated dockets, the defendant George O. is charged with various crimes arising from a series of allegedly threatening phone calls and remarks that he made to the complainant. As admitted by both sides, the complainant is the new boyfriend of the defendant’s estranged wife. Following his initial arrest on charges of Penal Law § 240.30 (1) (aggravated harassment in the second degree) and § 135.60 (1) (coercion in the second degree), the defendant was arraigned on January 26, 2004, at which time he entered a plea of not guilty. On June 30, 2004, more than five months after his arraignment, the defendant served the District Attorney’s office with a notice of intent to proffer psychiatric evidence pursuant to CPL 250.10 (1) (c) and (2). The notice did not provide any description of the particular nature of the defendant’s defense, other than setting forth that it was being proffered pursuant to subdivision (1) (c). The People have moved to preclude the introduction of psychiatric evidence arguing that it is both untimely and defective for lack of specificity.
*464 In pertinent part CPL 250.10 reads as follows:
“1. As used in this section, the term ‘psychiatric evidence’ means: . . .
“(c) Evidence of mental disease or defect to be offered by the defendant in connection with any other defense not specified in the preceding paragraphs.[*] “2. Psychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence. Such notice must be served and filed before trial and not more than thirty days after entry of the plea of not guilty to the indictment. In the interest of justice and for good cause shown, however, the court may permit such service and filing to be made at any later time prior to the close of the evidence.”
We will first address the People’s contention that the defendant’s notice of intent to proffer psychiatric evidence is untimely. In his affirmation in opposition to the People’s motion to preclude, defense counsel’s affirmation states that, on July 2, 2004, he met with the assigned assistant district attorney and informed her that the defense would call as a witness a Dr. M., the defendant’s psychiatrist of 25 years. Defense counsel further states that he informed the assistant district attorney that Dr. M. would testify to the defendant’s mental state at the time of the commission of the underlying crimes, as well as his lifelong mental disability and his inability to form the requisite criminal intent. Defense counsel also claims that during their July 2, 2004 meeting, he offered the assistant district attorney the opportunity to interview Dr. M. The People’s first and only response to this offer was 15 months later on September 23, 2005, when the People filed the instant motion to preclude.
CPL 250.10 (2) permits service in the interest of justice and for good cause shown, even “at any later time prior to the close of the evidence.” It is well settled that the decision of whether to allow a defendant to serve and file late notice of intent to introduce psychiatric evidence is a discretionary determination to be made by the trial court on a case-by-case basis. (People v Berk, 88 NY2d 257 [1996], cert denied 519 US 859 [1996]; People v Almonor, 93 NY2d 571 [1999].) In People v Gracius (6 AD3d *465 222, 225 [2004], lv denied 2 NY3d 800 [2004]), the First Department stated:
“The trial court’s discretion, however, is not absolute and an abuse of discretion directly implicates a defendant’s constitutional right to present witnesses in his own defense. Accordingly, a trial court is obligated to balance this constitutional right of the defendant with any resulting prejudice to the prosecution from the untimely notice.” (Quoting People v Berk, supra at 266 [citation and internal quotation marks omitted].)
The People do not dispute defense counsel’s claim that he met with the assigned assistant district attorney and offered to let her meet with the defendant’s psychiatrist. Moreover, the People have failed to offer any explanation for the 15-month lapse between the filing of the notice and the People’s motion to preclude. In the instant case, this court cannot see what prejudice could potentially result from permitting the late service of the notice. The People have known about the defendant’s intention to offer evidence in this regard since June of 2004. In addition, CPL 250.10 (3) provides that when a defendant serves notice of intent to present a psychiatric defense, the People may apply to the court for an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist of their choosing. The People have failed to demonstrate what, if any, prejudice that they would suffer.
The People are also challenging the notice as defective for lack of specificity. They cite People v Almonor (93 NY2d 571 [1999]) in support of their argument that CPL 250.10 notice must contain enough information to enable the prosecution and the court to discern the general nature of the alleged psychiatric malady and its relationship to a particular proffered defense. The People’s reliance on Almonor (supra) is misplaced. In that case, the defendant served notice pursuant to CPL 250.10 (2) without specifying which of the three paragraphs under subdivision (1) applied to the proffered psychiatric evidence. Even after the court admonished the defense counsel to specify the particular paragraph under which he intended to proceed, defense counsel declined to do so. We do not read Almonor to require a notice of intent that is predicated upon the catchall provision, subdivision (1) (c), to require a description of the nature of the psychiatric defense. In addition, by their own admission the People are aware that the animosity that the defendant directed *466 at the complainant stemmed from the defendant’s belief that his estranged wife and the complainant were involved in a romantic relationship. In an affirmation filed on July 6, 2004, the People stated the following: “The relationship between the two parties is as follows: (i) the defendant is separated from his wife and the two are in the process of obtaining a divorce; (ii) the complainant C-is the new boyfriend of the defendant’s soon to be ex-wife.” The People’s knowledge of the relationship between the parties certainly sheds at least partial light on the source of the defendant’s psychological stress. Moreover, this court knows of no case law requiring a defendant who is proceeding under the catchall provision to further elaborate on the nature of his defense. Not only is such a requirement absent from the statute but it would be superfluous, since the People are entitled to have their own psychiatrist examine the defendant, thereby affording them sufficient opportunity to discover the nature of the defendant’s mental state. Furthermore, if ambiguities remain even after the People’s psychiatrist examines the defendant, this court will direct additional measures to ensure that all psychiatric issues will be fully and fairly addressed.
In conclusion, this court will permit the late service of the defendant’s notice of intent to proffer psychiatric evidence and further finds the form of said notice to be sufficient and in full compliance with CPL 250.10.

 The preceding paragraphs (a) and (b) address the affirmative defenses of lack of criminal responsibility by reason of mental disease or defect and extreme emotional disturbance.